IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| **ROBINSO GONZALO OROZCO-GOMEZ,** | § § § | |
| **Petitioner,** | § | |
| | § | **EP-26-CV-00732-DB** |
| **v.** | § § | |
| | § | |
| **SECRETARY KRISTI NOEM,** *U.S.* | § | |
| *Department of Homeland Security, et al.,* | § | |
| **Respondents.** | | |

**ORDER**

On this day, the Court considered Petitioner Robinso Gonzalo Orozco-Gomez's "Motion to Enforce Judgment," ECF No. 8, filed on April 3, 2026. Therein, Petitioner seeks this Court to compel the immediate removal of any conditions of release not ordered by an immigration judge in Petitioner's March 25, 2026, bond order. ECF No. 8 at 2. An immigration judge granted Petitioner release from custody under bond of $2,500 with no additional conditions of release. ECF No. 5-1 at 1.

This Court previously noted Petitioner's case, as alleged, is materially indistinguishable from other cases in which this Court has determined ICE's imposition of additional conditions of release that are not imposed in an immigration judge's written order is unlawful. ECF No. 7 (citing *Rodriguez Muniz v. Noem,* No. EP-25-CV-00671-DB, 2026 WL 803134 (W.D. Tex. March 6, 2026)). Accordingly, it appeared that any motion filed by Petitioner on this issue would likely be granted. *Id.* at 2. Respondents were forewarned that "[i]n addressing the Court in opposition to any prospective motion filed by Petitioner, Respondents should avoid boilerplate arguments this Court has already rejected. Absent any new authority, Respondents can safely assume the Court's

position on the law has not changed and explain why the facts of Petitioner's case warrant a different outcome." *Id.*

On April 8, 2026, Respondents timely filed a response opposing Petitioner's Motion, ECF No. 10. Therein, Respondents raise seemingly identical arguments to those already rejected by this Court in *Rodriguez Muniz*. *Compare* ECF No. 10 *with Rodriguez Muniz,* 2026 WL 803134 at *2–3. The Court understands it is Respondents' right to preserve their arguments for appeal. However, for the present purposes, they have made no new legal arguments nor any effort to distinguish the facts of this case. Accordingly, the same result is warranted in this case as in this Court's similar previous cases.

Accordingly, after careful consideration of the undisputed facts in this case as well as the legal conclusions made in *Rodriguez Muniz,* **IT IS HEREBY ORDERED** Robinso Gonzalo Orozco-Gomez's "Motion to Enforce Judgment," ECF No. 8, is **GRANTED.**

**IT IS FURTHER ORDERED** Respondents **SHALL IMMEDIATELY REMOVE** Petitioner's ankle monitor, and all other conditions of release not imposed in the immigration judge's order, dated March 25, 2026, ECF No. 5-1.

**IT IS FURTHER ORDERED** Respondents **SHALL FILE** a notice informing the Court of its compliance with the preceding order **no later than May 1, 2026**.

**IT IS FINALLY ORDERED** the parties **SHALL CONFER AND FILE** a notice of whether any issues remain to be resolved in this case **no later than May 5, 2026.**

**SIGNED** this **28th** day of **April 2026**.

_____
**THE HONORABLE DAVID BRIONES**
**SENIOR UNITED STATES DISTRICT JUDGE**